37448.   CHARLES *v.* RAINE, by Next Friend.

DECIDED JANUARY 13, 1959—REHEARING DENIED
JANUARY 28, 1959.

2

4

*Holcomb & Grubbs,* for plaintiff in error.

*A. Tate Conyers,* contra.

GARDNER, Presiding Judge. Our attention is called by counsel for the plaintiff to *Lanier* v. *Turner*, 73 *Ga. App.* 749, 752 (38 S. E. 2d 55) wherein this court said: "It is the established law of our State that questions of diligence and negligence, involving comparative negligence and what negligence constitutes the proximate cause of an alleged injury, are peculiarly for the determination of the jury, and this court will not solve such questions on demurrer except in palpably clear, plain, and undisputable cases."

It is the contention of counsel for the defendant that, after

the stirrup had come loose and been fixed by the servant of the defendant, the duty of knowing that the stirrup was defective then devolved upon the father of the injured child, and that, when the father allowed the child to use the stirrup thereafter, such amounted to a plain and palpable act of negligence such as to defeat the cause of action. It is our opinion that the question here presented is for the determination of a jury as to whose negligence and what negligence was the proximate cause of the injury. Even if the father was negligent (which we certainly do not concede) such negligence would not be imputable to the child. See Code § 105-205 which states in part: ". . . In a suit by an infant the fault of the parent, or of custodians selected by the parents, is not imputable to the child." See also *A. B. & C. Railroad Co.* v. *Loftin*, 67 *Ga. App.* 601 (21 S. E. 2d 290). In *Atlantic Coast Line R. Co.* v. *Coxwell*, 93 *Ga. App.* 159 (91 S. E. 2d 135) this court by a unanimous decision of the full bench of six judges, overruled practically all of the cases cited by counsel for the defendant including the following: *Brinson* v. *Davis*, 32 *Ga. App.* 37 (122 S. E. 643); *Carroll* v. *Georgia Power Co.*, 47 *Ga. App.* 518 (171 S. E. 208); *Louisville & Nashville R. Co.* v. *Patterson*, 77 *Ga. App.* 406 (49 S. E. 2d 218).

In support of our position affirming the case at bar see *Butner* v. *Lord*, 95 *Ga. App.* 782 (98 S. E. 2d 646).

Under the pleadings as depicted by this record, the trial court did not err in overruling the general or special demurrers for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*