## 47865. MAYNARD v. READDICK.

Stolz, Judge. The defendant policeman appeals from a $400 verdict and judgment for the plaintiff in his action for damages to his automobile inflicted by the police car while being driven by the defendant in an attempt to apprehend the plaintiff. *Held:*

1. The appellant's enumerations of error 1 and 5, making complaint regarding certain portions of the judge's charge to the jury, are without merit. The record shows that no exceptions were made to the charge prior to the return of the verdict by the jury pursuant to Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

2. The second enumeration of error is likewise unmeritorious. The record does not show that any objection was made touching on the witness Rogers' qualifications as an expert in the area of automobile value. Since no objection was made in the trial court, this court cannot entertain one for the first time on appeal. *Starr v. State,* 229 Ga. 181 (1) (190 SE2d 58) and cit.; *Bostwick v. State,* 124 Ga. App. 113, 114 (ftn. 1) (182 SE2d 925) and cit. Without reciting the evidence adduced at the trial, suffice it to say that the witness was amply qualified to give his opinion as to the damage to the plaintiff's automobile.

3. Enumerations 3 and 6 will be considered together, as they relate to the sufficiency of the evidence.

(a) On the question of the defendant's liability, the evidence of negligence, though conflicting, was sufficient to authorize a verdict for the plaintiff. It does not require citation of authority to again state that in Georgia questions of negligence are for the jury except in the most plain, palpable case.

(b) The plaintiff's suit was for special damages only arising out of damage to and loss of use of his automobile. The plaintiff testified, without objection, that he lost the use of his car for 40 days and that automobile rental was $10 per day. The plaintiff's expert witness, Rogers, testified that the difference in fair market values of the plaintiff's automobile before and after the accident was $1,100. The verdict and judgment of the superior court for the plaintiff for $400 was supported by the evidence. Enumerations of error 3 and 6 are without merit.

4. At the conclusion of his charge, the trial judge appointed the only female juror as foreman of the jury, rather than allowing the jury to elect its own foreman. While Code § 59-208 authorizes the judge of superior court to appoint the foreman of the grand jury or direct the grand jury to elect its own foreman, we cannot find

a similar provision in our law relating to petit juries. The appellant contends that the procedure followed was without his consent and that the trial jury has the exclusive prerogative of selecting its own foreman. Naturally, the appellee is of a different mind, but concedes the absence of statutory authority. We would but observe that in the absence of a statute on this question, the matter would be controlled by the Common Law of England as it existed prior to 1776. However, we must again pass the issue, as the appellant made absolutely no objection to the judge's action in appointing the jury's foreman in the trial court and cannot raise the point for the first time on appeal.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED FEBRUARY 13, 1973 — DECIDED
MARCH 1, 1973.

*Harrison & Laseter, John R. Laseter,* for appellant.
*Beverly H. Nash,* for appellee.