## 53377. BUILDING ASSOCIATES, INC. v. CRIDER et al.

SHULMAN, Judge.

Appellant brought suit below on a promissory note given in payment of a broker's fee for procuring a loan commitment. Appellee defended on the basis of failure of consideration. Appellant brings this appeal from a jury verdict for appellee.

1. Error is assigned to the denial of appellant's motion for judgment on the pleadings or, in the alternative, summary judgment. The motion was based on an alleged settlement between the parties. Appellant contends that while the case was on the trial calendar it agreed to take the case off the calendar in consideration of appellee's promise to pay the full amount sued for within thirty days or, if not, to enter into a consent judgment for the full amount of the suit. By the terms of the alleged agreement, appellant was to forgo entering the judgment on the general execution docket as long as appellee adhered to an agreed upon schedule of twelve monthly payments. At the end of thirty days, having received no payment, appellant tendered a consent judgment which appellee then refused to execute. Upon that refusal, appellant amended its complaint to set out the settlement agreement, attaching as exhibits letters between the attorneys in the case allegedly confirming the settlement reached by the parties. Appellee filed no pleadings in response to the amendment.

Appellant contends that the amendment to the complaint was sufficient to authorize a judgment on the pleadings or a summary judgment. We do not agree.

Code Ann. § 81A-115 (a) allows a response to an

amended pleading but does not require such a response. The effect of appellee's failure to respond, since no response was required, was a denial or avoidance of the allegations in the amended pleadings. Code Ann. § 81A-108 (d). There having been no supporting documents outside the pleadings filed by either party, the judge could only consider the pleadings. Since the allegations of the settlement must be deemed denied or avoided, there was no basis for granting either motion.

2. At the trial of the case, appellant attempted to raise the alleged settlement. All testimony and evidence of the purported agreement was excluded. Error is assigned in that exclusion.

Appellant urges that the evidence of an agreement was admissible to show his right to a judgment. Appellee's contention, upheld by the trial court, is that such evidence was inadmissible under Code Ann. § 38-408: ". . . admissions or propositions made with a view to compromise, are not proper evidence." The policy behind the quoted statute, to encourage the extra-judicial settlement of pending litigation, is undeniably meritorious. Parties to a lawsuit should be free to make admissions during settlement negotiations without having to be concerned with the possibility of facing those admissions in court should the negotiations fail. But, where the parties have successfully reached a posture of agreement, settling the issues between them, as is alleged to be the case here, the rule is otherwise. " 'We know of no rule of law which places it in the power of either party to a compromise, to disregard it, if it was full and final between the parties, as to the subject-matter of controversy.' *Parker v. Riley,* 21 Ga. 427, 430." *Kapiloff v. Askin Stores, Inc.,* 202 Ga. 292, 296 (42 SE2d 724).

The exclusion of the evidence of settlement was error. If believed by the jury, the evidence would have required entry of judgment for appellant. The error is, therefore, harmful and requires reversal. This result is not changed by the fact that part of the excluded evidence was attached to the pleadings and went out with the jury. The trial judge instructed the jury in his charge that the pleadings were not evidence and were not to be so considered by them.

3. Although the exclusion of evidence of the alleged settlement is enough to require reversal, it is appropriate to examine the rest of the enumerations of error in order that any error in the first trial be avoided in the second.

Two enumerations of error complain that the trial court allowed the admission of extensive parol evidence adding new terms and varying written terms of the fee agreement between the parties and of the promissory note on which the suit was brought. A review of the record shows that parol evidence was admitted, but we are not convinced that the admission was improper.

This is an action on a promissory note, unconditional on its face. The note recites that it was given for "value received." "The words 'value received' in a promissory note, are ambiguous and open to explanation by parol and a defendant may explain what the actual consideration was and that it failed. *Reviere v. Evans,* 103 Ga. 169 (29 SE 756); *Big Builder, Inc. v. Evans,* 126 Ga. App. 457 (1) (191 SE2d 290).

The evidence showed that the consideration for the note was the procurement of a loan commitment. This consideration was expressed in a fee agreement which stated that the fee would be earned upon presentation and acceptance of a loan commitment "as outlined in our letter of September 14, 1973." The referenced letter was a loan application setting out the terms of a loan which would be acceptable to appellee.

"If the writing does not purport to contain all the stipulations of the contract, parol evidence shall be admissible to prove other portions thereof not inconsistent with the writing. . ." Code Ann. § 38-504. There is no language in the fee agreement, the loan application, or the loan commitment finally presented purporting to limit the agreement between the parties to any of those writings.

The parol evidence which was admitted went to the responsibilities of the parties, about which the documents were silent. That evidence did not vary the written terms and was not inconsistent with them. Under the provisions of Code Ann. § 38-504, such evidence is admissible. The record shows that the trial judge carefully monitored the parol evidence as it was offered and excluded that which

would contradict or vary the terms expressed in the written agreements between the parties. There was no error in the admission of the parol evidence.

4. Appellant's motion for directed verdict at the close of all evidence was denied. Error is assigned to the denial. We do not find error there. Appellee had raised an affirmative defense which was supported by evidence which, if believed, would have authorized a verdict for appellee, and the evidence of the alleged settlement had been excluded, albeit wrongfully. Under the state of the evidence as it was at that time, appellant was not entitled to a directed verdict.

5. During cross examination of one of the appellees, appellant's counsel requested the witness to read from the writings in evidence the provisions assigning responsibilities to the parties. When the witness started to answer in a fashion which was explanatory rather than directly responsive appellant's counsel interrupted and insisted on a direct response. The trial court stated that the document would speak for itself and that counsel could not tell the witness what to answer. At that point, without objection, appellant's counsel proceeded with the cross examination and attempted to elicit the same information by different questions. Since counsel continued with the same line of questioning, it is difficult to see how his right to a thorough and sifting cross examination was abridged. At any rate, he made no objection in the court below and cannot raise this issue for the first time on appeal. *Carter v. Pruitt,* 235 Ga. 204 (219 SE2d 114).

6. The eleventh enumeration of error in this case involves the admission into evidence of a deposition of one of the appellees. Appellant contends that the deposition was inadmissible for two reasons: there was no showing of unavailability and no showing that the original of the deposition was filed with the trial court.

The objection to the failure to file the deposition, if there was such a failure, comes too late. Raising the issue for the first time on this appeal is not the "reasonable promptness" required by Code Ann. § 81A-132 (d) (4).

Appellant's objection on the ground of the failure to show the unavailability of the deponent required by Code

Ann. § 81A-132 (a) (3) was timely, however. In response to the judge's inquiry as to whether there was any objection to the reading of the deposition, appellant's counsel raised the issue of the showing of unavailability. The transcript shows no argument and no showing of unavailability. The judge's next words were that he would admit the deposition. Code Ann. § 81A-132 (a) (3) does not leave to the trial court's discretion the question of the unavailability of a deponent. As a prerequisite to the use of a deposition of a party who is not present, there *must* be a finding by the court that one of the conditions listed in the Code section exists. There having been no such finding here, the admission was error.

7. In its charge on burden of proof, the trial court initially gave a standard charge on the plaintiff's burden to prove his case by a preponderance of the evidence. On objection by appellant, the court recharged the jury as follows: "I charged you in the beginning that the burden of proof was on the plaintiff to prove his case by a preponderance of the evidence, I give you this Code section, that upon the production of an instrument, of which signatures are admitted or established, the production of the instrument entitles the holder to recover on it unless the defendant establishes a defense, in the pleadings, the preceding pleadings a party shall set forth affirmatively a failure of consideration." To the extent that the quoted language may be understood to mean that the defendant establishes a defense by pleading it, it is erroneous.

*Judgment reversed. Quillian, P. J.; and Smith, J., concur.*

Argued February 3, 1977 — Decided April 5, 1977.

*Smith, Cohen, Ringel, Kohler & Martin, David K. Whatley,* for appellant.

*Harrison & Garner, James W. Garner,* for appellees.