## 59709. FABIAN v. VINCENT.

DEEN, Chief Judge.

The plaintiff Fabian sued defendant for damage done his vehicle which was being driven by his daughter when she collided with the defendant's parked car. This appeal is from a jury verdict in favor of the defendant.

1. (a) The following requests to charge were refused by the trial court: "Except when necessary to avoid conflict with other traffic ... no person shall ... stop, stand or park a vehicle ... at any place where the official signs prohibit stopping." Code § 68A-1003 (a) (1) (K). "Outside of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or so leave such vehicle off the roadway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of 200 feet in each direction upon such highway." Code § 68A-1001 (a). "The driver of any vehicle shall obey the instructions of an official traffic-control device applicable thereto placed in accordance with the provisions of this title unless otherwise directed by a police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this title." Code § 68A-201 (a).

The negligence alleged was that the defendant had parked and left her vehicle so that it was on the roadway and in the right of way of the plaintiff's car being driven by his daughter. Testimony supported this to the extent that the daughter testified that the way was crowded because of graduation exercises at a nearby schoolhouse and she had to drive partly in the left lane to avoid these cars, including that of the defendant. She attributed the collision to this fact, and that a truck was approaching and she turned to the right to avoid it, at which time she apparently brushed the fenders of the defendant's parked vehicle.

Photographs of the scene show signs in the shape and form of official traffic control signs, reading "NO PARKING AT ANY TIME." Objections to the photographs were made on the ground that the area was within a municipality and that no city ordinance had been admitted in evidence establishing that the signs were officially

erected. The judge stated that he was allowing the evidence, based on plaintiff's counsel's statement that he was "offering it just to show that there are three no parking signs there" to show the scene, and that it was admissible only to show the scene, a statement with which the plaintiff's counsel agreed.

Our question then becomes one of law: What is the effect of establishing that the defendant's vehicle was parked in an area carded as a no parking zone, and was it necessary, in order to get the benefit of the requested instructions, for the plaintiff to prove that the signs had been erected under the direction of a valid city ordinance?

First of all, the requested instructions are all statutes relating generally to the acts which the plaintiff charged against the defendant. Assuming that the area was in fact within a municipality, the law is clear that a properly erected no parking sign is nevertheless an "official traffic-control device." Code § 68A-101 (29). The general rule is that whenever such device is placed in position approximately conforming to the requirements of the Act, it "shall be presumed to have been so placed by the official act or direction of lawful authority, unless the contrary shall be established by competent evidence." Code § 68A-201 (c). *Fields v. Jackson,* 102 Ga. App. 117 (3(a)) (115 SE2d 877) (1960); *Carroll v. Yearty,* 102 Ga. App. 677, 688 (2) (117 SE2d 248) (1960). The trial judge accordingly erred insofar as he apparently agreed with defendant's counsel that the no parking signs in evidence here could not be considered in assessing the negligence of the defendant, since the burden would be on the opposite party, after their erection and official appearance was proved, to offer evidence that they were not so placed by lawful authority.

It should be further added that the relative duties of municipal and state authorities are dealt with in Code Chapter 68A-15, and former having only such powers as are set out in that chapter, including regulation of parking (Code § 68A-1502 (a) (1)); "The provisions of this Title shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from: (1) Regulating or prohibiting stopping, standing, or parking," in the course of which duties they may by reference adopt any or all provisions of the statute. On the criminal side, a violation which is both a violation of the state traffic regulations and the city ordinance may be tried in either jurisdiction (Code § 68A-1507 (a)), and there seems no reason why the statute should not be generally admissible in civil cases with the burden on the party contending it inapplicable to prove any change effectuated by local authorities. In any event, the Department of Transportation may limit the parking of vehicles on

any highways under its jurisdiction (Code § 68A-1004 (d)), and there is no evidence in this record clearly establishing that the area in question was a city street which was *not* a highway. A city police officer investigating the incident testified only that it occurred at Prince Place; that the defendant's car was "sticking out into the roadway a lot further than the other cars" and that he had to swerve slightly around it when passing the scene.

In view of all the evidence, including that of the existence of the no parking signs (as to which we do not find the plaintiff estopped from relying on their presence) and in view of the fact that the sole negligence charged against the defendant was parking in the place and manner in which the car was left, we feel that a jury question was presented as to the existence and amount of negligence attributable to each party. These issues should have been but were not presented for jury consideration, and under the instructions as given it would have been almost impossible for the jury to have weighed the issue of comparative negligence. For these reasons we hold the failure to give the requested charges to have been prejudicial error.

(b) *Tyson v. Shoemaker,* 208 Ga. 28 (65 SE2d 163) (1951) reversing the Court of Appeals, held that even though a stop sign is unofficial as not having been proved to have been erected by a proper authority is relevant and pertinent and "it was a question of fact for the determination of the jury whether the plaintiff exercised ordinary care for his own safety and the safety of others in failing to observe and obey the unofficial stop sign . . . The existence of a stop sign, though unofficial, and the failure of the plaintiff to heed the sign, were relevant matters to a consideration of the diligence and negligence of the parties under the circumstances of this case, and such matters should have been submitted to the jury."

There is no testimony in this record that the collision took place within city limits, but even if it had this is no reason for refusing to allow the jury to consider the signs (which *did* appear in a picture showing the scene of the collision) as bearing on the negligence of the defendant.

2. "It is error to give in charge to the jury the theory of accident as a defense to a personal injury where the pleadings and evidence demand a finding that the injury resulted proximately from the negligence of the plaintiff or the defendant or both of them." *Bush v. Skelton,* 91 Ga. App. 83 (1) (b) (84 SE2d 835) (1954); *Gilbert v. Parks,* 140 Ga. App. 550 (4) (231 SE2d 391) (1976); *Davenport v. Little,* 132 Ga. App. 391 (208 SE2d 179) (1974). The court erred in instructing the jury that if they found the damage was the result of accident without fault on the part of either party they should bring back a verdict for the defendant, since under the testimony as a whole the

damage had to be the result of negligence on the part of one or both of the parties.

3. The first and sixth enumerations of error are premised on the theory that the plaintiff's daughter was as a matter of law not guilty of negligence. Since the driver's negligence is entirely a jury question these grounds are without merit.

*Judgment reversed. McMurray, P. J., Smith, Banke and Carley, JJ., concur. Quillian, P. J., Shulman, Birdsong and Sognier, JJ., dissent.*

ARGUED APRIL 7, 1980 — DECIDED JULY 14, 1980 —
REHEARING DENIED JULY 30, 1980.

*Bruce D. Duncan,* for appellant.
*James G. Jackson, Gregory T. Presmanes,* for appellee.

BIRDSONG, Judge, dissenting.

I. I dissent from Division 1 and Division 2 of the majority opinion. The evidence supports the conclusion that this collision took place within a municipality (the collision was investigated by an officer of the City of Norcross and the trial judge found that the collision was within a business or residence district).

Photos of the scene where the collision occurred were offered into evidence by the appellant. The photos showed signs which read "No Parking." Counsel for the appellee objected to the pictures on the ground that no valid city ordinance had been admitted showing the signs to be official traffic control signs. As to the proper method to have a city ordinance admitted into evidence, see *Seaboard C. L. R. Co. v. Harris,* 124 Ga. App. 126, 130 (182 SE2d 915); *City of Dalton v. Cochran,* 80 Ga. App. 252 (3) (55 SE2d 907).

After the proper objection by appellee's attorney, the trial court made the following ruling: "That the only purpose for which he's offering it is to show the scene. It's a fair and accurate portrayal of the scene, and that's the only . . . why the Court is allowing this testimony at this time. And, I'll instruct the Jury it's only admissible for that purpose, to show only the scene at the time." Counsel for appellant then stated in open court, *"That's correct, your Honor."*

In my opinion, the statement made in open court, during the trial of the case, by counsel for the appellant was a binding admission in judicio. *U. S. Fidelity &c. Co. v. Clarke,* 187 Ga. 774, 783 (2 SE2d 608); *Central of Ga. R. Co. v. Johnston,* 106 Ga. 130 (32 SE 78); *Mitchell v. Chastain Finance Co.,* 141 Ga. App. 512, 514 (233 SE2d 829); *Gregory v. Star Enterprises,* 122 Ga. App. 12, 13 (176 SE2d 241);

Code Ann. § 38-114.

Furthermore, the attorney for the appellant agreed with the trial court that the case did not involve negligence per se (the violation of an ordinance or traffic law), but that the case was a negligence case only, and that counsel for appellant would not argue negligence per se.

Code Ann. § 68-1610 (c) provides, "The disregard or disobeyance of the instructions of any official traffic-control device or signal, *placed in accordance with the provisions of this law,* by the driver of a vehicle, shall be deemed as prima facie evidence of a violation of law, without requiring proof of who and by what authority such sign or device has been erected." (Emphasis supplied.)

This court in *Fields v. Jackson,* 102 Ga. App. 117 (115 SE2d 877) at pp. 125-126 had the following to say with reference to the above-quoted code section. "The statute must therefore mean that the movant may offer evidence that a traffic-control sign or device existed at the given spot; the burden is then upon the person objecting to the evidence to offer evidence showing that such signal was not placed there by any proper governmental authority. The evidence might be general, as showing that the signal in question is not one used by the authority having jurisdiction at that place; it might be a showing that it was placed there by an unauthorized authority, or it might be any other type of evidence sufficient to overcome the prima facie showing that such device existed and should therefore have been obeyed."

The appellant did not offer any evidence that a traffic-control sign existed at a given spot for the purpose of showing a violation of the traffic-control sign, but to the contrary the pictures of the sign were offered only for the limited purpose of showing the scene where the collision occurred. Had the photographs been introduced for the purpose of showing a traffic-control sign, the appellee would have been allowed to introduce evidence, if she could, to rebut the presumption of a valid traffic-control sign.

The appellant by and through his attorney, by making the statement in judicio that the photographs were introduced into evidence only to show the scene, is now estopped to use the photographs for any other purpose; to allow otherwise would allow the appellant to "sandbag" the appellee and the trial court.

The trial court was, therefore, correct in refusing to charge requested charge number 1, Code Ann. § 68A-1003 (a) (1) (K) and requested charge number 4, Code Ann. § 68A-201 (a), said sections dealing with authorized traffic-control signs or devices.

The trial court likewise was correct in refusing to charge

requested charge number 2, Code Ann. § 68A-1001 (a). The evidence firmly established that the collision occurred within a business or residence district. The trial court found that the collision took place within a business district or residence district. There is no evidence to contradict this finding and this court, in absence of evidence to the contrary, will accept these findings as true.

As this collision took place within a business district or residence district, Code Ann. § 68A-1001 (a) is not applicable and this request to charge was not adjusted to the evidence. The trial court was correct in refusing to charge request number 2.

The holding in *Tyson v. Shoemaker,* 208 Ga. 28 (65 SE2d 163) does not permit a charge on Code Ann. § 68-1610 (c); Code Ann. § 68A-1003 (a); Code Ann. § 68A-201 (a) as these sections deal with a traffic control device or traffic control sign which has been *placed in accordance with the provisions of the law or are authorized traffic control signs.*

The *Tyson* case states that the placing of an unofficial sign at a location and the failure of the plaintiff to heed the sign were relevant matters concerning the diligence and negligence of the parties. This deals with ordinary negligence whereas violation of proper traffic control devices or signs is negligence per se.

There was no evidence of a proper sign or control device in evidence, and to charge the requested charges relating to the above stated code sections would have been error.

II. Appellant contends that the trial court committed reversible error in charging on accident in that there was no evidence to support a charge on accident.

In my opinion, there was evidence in the record to authorize a charge on accident. This court in *Baggett v. Jackson,* 79 Ga. App. 460 (1) (54 SE2d 146) has defined accident as, "[a]n accident, in a strict legal sense, as applied to negligence cases, refers to an event which is not proximately caused by negligence, but instead arises from an unforeseen or unexplained cause. But it is also often used to indicate a happening which, although not wholly free from negligence by some person, was not proximately caused by a failure of either of the parties to a case to exercise ordinary care in the situation." See also *Johnson v. Jackson,* 140 Ga. App. 252, 260 (230 SE2d 756).

In the case sub judice, the daughter of the appellant and driver of appellant's car testified that she was looking straight ahead at the time of the accident and did not see appellee's parked car because of a slight hill which presented to her an optical illusion. This evidence authorized a charge on accident, and the trial court did not commit reversible error in charging on accident.

As I would affirm the trial court, I respectfully dissent. I am

authorized to state that Presiding Judge Quillian, Judge Shulman and Judge Sognier join in this dissent.