63483. ADAMS et al. v. WRIGHT et al.

QUILLIAN, Chief Judge.

This action arose out of a claim for the wrongful death of Gail Wright and was first brought by David Wright, the husband of the decedent, individually, and as next friend for their two minor children. Gail Wright died in an automobile and truck collision when an MG Midget automobile in which she was riding as a passenger and David Wright was driving, was struck from the rear by a White tractor-trailer being driven by the defendant Clinton Adams. Adams had leased his truck to the defendant Dennis Truck Lines, Inc., and was insured by the other defendant — Carolina Casualty Insurance Company. The collision occurred in the right hand lane of I-20 in Richmond County, Georgia, at approximately 12:30 a.m. on the morning of August 3, 1979, while both vehicles were traveling in an easterly direction.

The case proceeded to trial and resulted in a verdict for the defendant. Following the grant of a motion for new trial, David Wright filed a voluntary dismissal of his individual claim, with prejudice, leaving the action pending only as to his minor children. The subsequent trial resulted in a verdict for the plaintiffs in the amount of $150,000.00. The defendants bring this appeal. *Held:*

1. The first enumeration of error alleges the judgment is erroneous because "David C. Wright had previously dismissed *the* action and in any case was a necessary party plaintiff." (Emphasis supplied.) The petition shows the original action was filed by David Wright "Individually" and as "Next Friend" for his minor children. Following the grant of his motion for new trial Wright filed a "Dismissal" in which he appeared "individually, and dismisses *his claim* against the defendants in the above-stated case, with prejudice." (Emphasis supplied.) His amended petition also showed he had "dismissed with prejudice *his claim* against the defendants for the wrongful death of his wife" and that "the plaintiffs are the daughter and son . . . of Gail Wright . . ." (Emphasis supplied.)

First, Wright did not dismiss the "action." "The action" remained pending with his two minor children as plaintiffs. Secondly, the first time this allegation of error was raised was in defendant's amended motion for new trial — more than six months after judgment was entered. Our CPA requires that "[e]very defense,

in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except" those specific defenses numbered (1) through (7) "may at the option of the pleader be made by motion in writing . . ." Code Ann. § 81A-112 (b) (CPA § 12 (b); Ga. L. 1966, pp. 609, 622, as amended through 1972, pp. 689, 692, 693). Wright's dismissal of "his claim" was made in an amended complaint. A response to an amended pleading may be made but one is not required. *Building Assoc. v. Crider,* 141 Ga. App. 825 (1) (234 SE2d 666); *Diaz v. First Nat. Bank of Tucker,* 144 Ga. App. 582 (2) (241 SE2d 467). However, under Code Ann. § 81A-112 (h) (2) a defense of failure to join an indispensable party may be made in any pleading permitted or ordered, or by motion for judgment on the pleadings, or at the trial on the merits. Here, the defendant did not assert this defense until after verdict and judgment — in his amended motion for new trial. The defense of failure to join an indispensable party is subject to the defense of waiver under Code. Ann. § 81A-112 (h) (2) in the same manner as the failure to state a claim, and both must be asserted before judgment or they are waived. *Loukes v. McCoy,* 129 Ga. App. 167 (3) (199 SE2d 125); *Burgess v. Clermont Properties,* 141 Ga. App. 112 (4) (232 SE2d 627). This enumeration is meritless.

2. We find no error in the charge of the court that the two minor children of the plaintiff were entitled to sue for the "full value of the life of the decedent . . ." Defendants contend the children were entitled to sue only for two-thirds, with the father-husband being entitled to one-third. They based their premise upon Code Ann. § 105-1306 (Code 105-1306 as amended through 1971, p. 359) which provides the "husband and/or child or children . . . may recover for the homicide of the wife or mother, and those surviving at the time the action is brought shall sue jointly and not separately, with the right to recover the full value of the life of the decedent . . ."

Defendants cite *Happy Valley Farms v. Wilson,* 192 Ga. 830 (16 SE2d 720) (1941) as controlling this issue. We do not agree. *Happy Valley,* supra, was adjudicated in 1941 and Code Ann. § 105-1306 was amended in 1960 and 1971. The 1971 amendment made some minor changes and is not involved in this issue, but the 1960 amendment was subsequent to *Happy Valley* and stated: "Provided, however, if any one or more of those comprising the husband and children . . . shall desire to bring an action seeking to recover for the tortious homicide of such mother, he or they may file such action and cause a copy thereof to be served personally upon the remaining children . . . and any of such persons may intervene in said case as an additional plaintiff at any time before final judgment. After final judgment, any of such persons not a party plaintiff shall have no further right of

action against the alleged tortfeasor; but any of such persons not duly served as provided above shall have a right against the parties plaintiff for his or their proportionate part of the recovery in said action."

This legislation evidences a clear intent that less than all of the potential plaintiffs may bring an action for the full value of the life of the decedent, and all potential plaintiffs who are not served may bring a subsequent action against the successful plaintiffs for a proportionate share of any amount recovered from a tortfeasor. See 8 EGL 166, Death by Wrongful Act, § 33; Eldridge, Wrongful Death Actions 83, § 10-26. The 1960 amendment to this statute did not change any right of the defendant, and he has no standing to object to an action by less than all plaintiffs since only one action can be brought against him. Hence, it was not error for the trial court to charge that the minor children were entitled to sue for the full value of the life of the decedent. See *American Erectors v. Hanie,* 157 Ga. App. 687, 690 (278 SE2d 196).

3. Defendant alleges error in the charge of the trial court that "[i]n a suit by an infant the fault of the parent, or of custodians selected by the parents is not imputable to the child." This charge is taken, verbatim, from Code Ann. § 105-205 (Code § 105-205). It is adjusted to the evidence and was proper under the facts of the instant case. *Atlanta &c. Rd. Co. v. Loftin,* 67 Ga. App. 601 (21 SE2d 290); *Charles v. Raine,* 99 Ga. App. 1, 5 (107 SE2d 566); *Fallaw v. Hobbs,* 113 Ga. App. 181, 182 (147 SE2d 517); *Walden v. Coleman,* 217 Ga. 599, 603, 605 (124 SE2d 265).

4. It was not error for the trial court to fail to charge on "accident." *Simms v. Camp Concrete Co.,* 156 Ga. App. 771 (1) (275 SE2d 357); accord: *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8 (1) (264 SE2d 507); *Pirkle v. Triplett,* 155 Ga. App. 945 (3) (274 SE2d 59).

5. The defendants contend the charge "in its entirety" was confusing and misleading "insofar as it imports the term 'plaintiff' to David C. Wright, his children and the decedent interchangeably." We do not find this objection to the charge in the record. Counsel must state his objections to the charge distinctly enough for the trial court to understand the nature of his objection and permit him to rule upon it. Code Ann § 70-207 (a) (Ga. L. 1965, pp. 18, 31 as amended through 1968, pp. 1072, 1078); *Christiansen v. Robertson,* 237 Ga. 711 (229 SE2d 472). The failure of counsel to make this specific objection to the charge leaves nothing for this court to review. *Maynard v. Readdick,* 128 Ga. App. 368 (1) (196 SE2d 688).

6. It is alleged the trial court erred in refusing to allow counsel for the defendants to cross-examine David Wright about "the cost of

household services." The court properly charged the jury it could consider the value of "domestic services which [Mrs. Wright] may have performed in the home for the benefit of her children." The value of domestic services performed by a housewife was included in the testimony of plaintiff's expert witness on economic evaluation of a housewife. However, when defendant's counsel attempted to cross-examine David Wright as to whether he "had an agreement with a lady to stay at the residence with [his] children" while he was at work — such evidence was excluded.

The collision in which Mrs. Wright died was on August 3, 1979. This trial occurred in January 1981. Counsel's question to David Wright about "a lady" staying with his children "approximately a year ago . . . in March of 1980" — would have related to a period several months after the death of Mrs. Wright. Admissibility of evidence which has only slight probative value lies within the sound discretion of the trial judge. Agnor's Georgia Evidence 164, Relevancy § 10-2; Green, Ga. Law of Evidence 152, Relevancy § 61. Issues as to relevancy and materiality are for the court. *Johnson v. Jackson,* 140 Ga. App. 252, 255 (230 SE2d 756); *Life Ins. Co. v. Dodgen,* 148 Ga. App. 725, 729 (252 SE2d 629). We find no abuse of discretion.

7. Counsel for the defendant objected to the testimony of David Wright that he had submitted to a blood-alcohol test and "it came back negative." Following the objection, he was shown "a copy" and stated "down here on the bottom of it it has negative." The first objection was that "[t]he proper authenticated test is the highest and best evidence of what it is." After Wright identified the blood-alcohol report, counsel stated "my objection is based on this fact — the accident occurred around midnight . . . The date and time of this test is shown . . . eleven fifty-five a.m. It doesn't say under what conditions this test was administered . . . nor how it was conducted . . . Now these are the reasons I'm objecting to the test itself." Wright testified the blood was taken "a couple of hours after the accident." The investigating police officer testified "[i]t was taken approximately two to three hours after the accident." On appeal, counsel reiterates his "best evidence" objection.

Application of the "best evidence" rule does not require deleting this witness' testimony that his blood-alcohol test was negative. The Supreme Court has explained that in order to prove the terms of a writing, where the terms are material, the original writing should be produced and introduced as evidence. *Merrill Lynch &c. v. Zimmerman,* 248 Ga. 580 (285 SE2d 181). This is required because in many instances rights of the parties may turn on the precise language used in the writing. Id. at 581. Also, the law prefers the writing be

produced for inspection if there is an issue as to fraud. McCormick on Evidence 561, § 231. In this case there is no contention of fraud and there is no dispute as to the contents of the document. The issue is simply one of what were the results of Wright's blood-alcohol test? The document was shown to counsel and he was permitted to cross-examine Wright. Officer Johnson who observed Wright shortly after the collision — both at the scene and later at the hospital where he requested Wright submit to the blood-alcohol test — testified: "it's my professional belief that Mr. Wright's ability to operate a motor vehicle was not impaired." We find no reversible error.

8. We have examined the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 22, 1982 —
REHEARING DENIED JUNE 14, 1982 —

*J. Robert Persons, Ben Swain McElmurray, Jr.,* for appellants. *William C. Calhoun,* for appellees.

ON MOTION FOR REHEARING.

Appellants contend we have overlooked the decision of *Gordon v. Gillespie,* 135 Ga. App. 369 (217 SE2d 628), which "would require a different judgment from that rendered . . ." We cannot agree. *Gordon,* supra, was an action brought by one of six surviving children, as administrator of the estate, for the full value of the life of his father. An action for the death of one's father is brought under Code Ann. § 105-1302 (Code § 105-1302, as amended through 1973, p. 488) which requires the action to be brought by "[a] widow alone, or if no widow, a child or children . . ." Thus, the widow alone is the primary beneficiary of the right of action.

In the instant case this action for the death of the mother was brought under Code Ann. § 105-1306 (Code § 105-1306, as amended through 1971, p. 359), which permits "[t]he husband *and/or* child or children" (emphasis supplied) to recover for the death of the wife-mother. Thus, the husband *and* children are the primary beneficiaries of the right of action. Also, Code Ann. § 105-1306 has the additional provision, not contained in Code Ann. § 105-1302, that "if any one or more of those comprising the husband and children . . . shall desire to bring an action . . . he or they may file such action and cause" the others "to be served personally . . ." This statute permits less than all of the primary beneficiaries to bring only *one* action

against a defendant and the rest may be personally served as additional plaintiffs. It also provides that "any of such persons not a party plaintiff shall have no further right of action against the alleged tortfeasor; but . . . shall have a right against the parties plaintiff for his or their proportionate part of the recovery in said action." Thus, only one action may be brought against the alleged tortfeasor, whether it is brought by all or less than all the potential plaintiffs. Secondly, the full value of the life of the decedent must be recovered in this action for no other potential plaintiff not a party to this action can bring an action against the tortfeasor. A potential plaintiff, not a party to this action, has a remedy under Code Ann. § 105-1306 and it is against "the parties plaintiff for his or their proportionate part of the recovery in said action" — or, stated another way, the second action is for their proportionate share of the recovery for the full value of the life of the decedent. Hence, there is a deliberate legislative difference between Code Ann. §§ 105-1302 and 105-1306, actions for the death of a father and mother, and the problem, if any, is for the legislature — not this Court.

*Motion for rehearing denied.*