George Alton COLE, Individually, and as Administrator of the Estate of Julia Cole, Plaintiff,

v.

Don W. ROBERTS, M.D. and Mikell B. Karsten, M.D., Defendants.

Civ. A. No. 85–94–VAL (WDO).

United States District Court, M.D. Georgia, Valdosta Division.

Nov. 21, 1986.

**416**

Ben B. Mills, Jr., Fitzgerald, Ga., for plaintiff.

William U. Norwood, Thomasville, Ga., Wade H. Coleman, Valdosta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

In this diversity action, defendant doctors have respectively moved pursuant to Rule 12(b)(1), Fed.R.Civ.P., to dismiss plaintiff's complaint against them for lack of subject matter jurisdiction. Their basic contention is that plaintiff is not the proper party and a suit by the proper party would defeat diversity. The core facts as set out in plaintiff's complaint are not, for purposes of these motions, disputed by the defendants.

Decedent Julia Cole allegedly underwent medical treatment by the defendants in 1983. She died later that same year. Surviving her were her husband, a citizen of Georgia, and four children. The plaintiff is one of the surviving sons and a citizen of Florida. The defendant doctors are citizens of Georgia. In May of 1985, the plaintiff was made administrator of the decedent's estate.

On August 30, 1985, the plaintiff instituted the present action against the defendants in two counts. The first is a wrongful death action brought by plaintiff in his individual capacity. The second is brought for the decedent's pain and suffering, funeral expenses, and other necessary expenses, in plaintiff's capacity as administrator.

### A. *Wrongful Death Claim*

Recently, the Georgia General Assembly revamped the state's wrongful death statutes concerning the death of a spouse. In 1985, the legislature amended[1] O.C.G.A. § 51–4–2 (Michie 1982) by striking out in their entirety both O.C.G.A. § 51–4–3 (Michie 1982) and section 51–4–2. In their place the legislature combined the statu-

tory authority for the wrongful death of a spouse into one code section. This new code section, O.C.G.A. § 51–4–2 (Michie Supp.1986), provides in relevant part:

> The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence.

In the Georgia Supreme Court opinion of *Mack v. Moore*, 256 Ga. 138, 345 S.E.2d 338 (1986), the court squarely held that new section 51–4–2 confers exclusive standing upon the surviving spouse to bring a wrongful death action. So long as there is a surviving spouse, the children of the decedent do not have standing to bring a wrongful death action. 256 Ga. at 138, 345 S.E.2d at 339.

The defendants contend that new section 51–4–2 applies to the case at bar. It is clear under *Mack* that if new section 51–4–2 applies to plaintiff's action, the plaintiff cannot maintain suit since his father still survives. Further, any intervention by his father would defeat diversity.

■ It is undisputed that decedent's death took place in 1983. For the 1985 amended statute to apply, the court would have to find that new section 51–4–2 has retroactive application. This court declines to make such a finding.

Under Georgia law, controlling in this diversity action, a statute cannot be given retroactive operation "unless such [a] construction is absolutely demanded." *Layton v. Liberty Loans*, 152 Ga.App. 504, 505, 263 S.E.2d 167, 169 (1979), *rev'd on other grounds, Financeamerica Corp. v. Drake*, 154 Ga.App. 811, 270 S.E.2d 449 (1980). To determine if retroactive application is mandated, the court should look to the statute itself. *See Wilmoth v. Henry County*, 251 Ga. 643, 644, 309 S.E.2d 126, 127 (1983).

An examination of the 1985 amendment does not convince this court that retroac-

---

1. *See* 1985 Ga.Laws 1253.

tive application is required. Section 4 of the statute provides that the amendments would become effective when signed by the state governor. 1985 Ga. Laws at 1255. Nowhere in the statute is it stated or inference given that the statute is to have application before that time.[2]

Further, Ga. Const., art. I, § 1, para. X (Michie 1983),[3] provides:

> No bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed.

This prohibition against retroactive laws applies only to those laws which affect substantive vested rights. *See Bituminous Casualty Corp. v. United Services Auto. Ass'n,* 158 Ga.App. 739, 739, 282 S.E.2d 198, 199 (1981).

Undoubtedly, pursuant to O.C.G.A. § 51–4–3 (Michie 1982), the plaintiff in this case had a substantive right to sue for the alleged wrongful death of his mother which vested when she died in 1983. A substantive right to bring suit vests at the time of the event upon which liability depends. *See, e.g., Hart v. Owens-Illinois, Inc.,* 250 Ga. 397, 399, 297 S.E.2d 462, 464 (1982); *Enger v. Erwin,* 245 Ga. 753, 754, 267 S.E.2d 25, 26 (1980); *U'Haul Co. v. Abreu & Robeson, Inc.,* 156 Ga.App. 72, 73, 274 S.E.2d 26, 27 (1980). Since plaintiff's right to sue became vested upon the death of his mother in 1983, this court finds that new section 51–4–2 does not apply retroactively to ban plaintiff's claim. Section 51–4–3, even though repealed, still has application to plaintiff's suit.

Defendants further contend that even if the court finds that section 51–4–3 applies, diversity does not exist since that section requires that the class of husband *and* children be joined as party plaintiffs. De-

fendants cite *Happy Valley Farms, Inc. v. Wilson,* 192 Ga. 830, 16 S.E.2d 720 (1941) as the controlling case on this issue.

That case, however, was interpreting Ga. Code Ann. § 105–1306 (now codified in O.C.G.A. § 51–4–3 (Michie 1982) (repealed 1985)) as it was drafted in 1941. In 1960, the Georgia legislature amended section 105–1306, *see* 1960 Ga.Laws 968, by adding the following:

> Provided, however, *if any one or more* of those comprising the husband and children, both legitimate and dependent illegitimate, shall desire to bring an action seeking to recover for the tortious homicide of such mother, *he or they* may file such action and cause a copy thereof to be served personally upon the remaining individuals comprising such husband and children, or if one or more of such persons is a minor, then upon the guardian of such minor and a guardian ad litem appointed as provided by law, or if any one or more of such persons is a non-resident, then in the manner provided by law for service on a non-resident; and any of such persons may intervene in said case as an additional plaintiff at any time before final judgment. After final judgment, any of such persons not a party plaintiff shall have no further right of action against the alleged tortfeasor; but any of such persons not duly served as provided above shall have a right against the parties plaintiff for his or their proportionate part of the recovery in said action.

*Id.* at 969–70 (emphasis added) (now codified in O.C.G.A. § 51–4–3(b)(2)). This amendment indicates that the right to sue for the death of a mother can be instituted by a surviving child without the necessary joinder of the surviving husband.

---

**2.** The bill was signed on April 10, 1985. *See* 1985 Ga.Laws at 1256.

**3.** Additionally, O.C.G.A. § 1–3–5 (Michie 1982) provides:

> Laws prescribe only for the future; they cannot impair the obligation of contracts *nor, ordinarily, have a retrospective operation.* Laws looking only to the remedy or mode of

trial may apply to contracts, rights, and offenses entered into, accrued, or committed prior to their passage; but in every case a reasonable time subsequent to the passage of the law should be allowed for the citizen to enforce his contract or to protect his right. (emphasis added).

The Georgia courts have also interpreted it as such. In the Georgia Court of Appeals opinion of *Adams v. Wright*, 162 Ga.App. 550, 293 S.E.2d 446 (1982), after quoting the same amendment as set out above, the court stated:

> This legislation evidences a clear intent that less than all of the potential plaintiffs may bring a subsequent action against the successful plaintiffs for a proportionate share of any amount recovered from a tortfeasor. See 8 EGL 166, Death by Wrongful Act, § 33; Eldridge, Wrongful Death Actions 83, § 10–26. The 1960 amendment to this statute did not change any right of the defendant, and he has no standing to object to an action by less than all plaintiff since only one action can be brought against him. Hence, it was not error for the trial court to charge that the minor children were entitled to sue for the full value of the life of the decedent.

*Id.* at 552, 293 S.E.2d at 449. *See also Walden v. Coleman*, 217 Ga. 599, 603, 124 S.E.2d 265, 267 (1962); *American Erectors, Inc. v. Hanie*, 157 Ga.App. 687, 690, 278 S.E.2d 196, 198 (1981). It is clear that plaintiff, as a surviving child, can bring a wrongful death action pursuant to section 51–4–3 without joining his father as a party plaintiff.

Accordingly, the court finds that diversity is not defeated as to count one of plaintiff's complaint.[4]

### B. *Claim as Administrator*

Plaintiff has also brought action in his capacity as administrator of his mother's estate to recover damages pursuant to O.C.G.A. § 51–4–5(b) (Michie Supp.1986).[5] The defendants contend that the plaintiff is a mere "nominal" party in an action brought under this subsection. Thus, they argue, it is the citizenship of the heirs to the mother's estate that determine if diversity exists.

■ The problem with defendants' argument is that they cannot point to any authority for the proposition that the administrator, by himself, cannot bring suit under section 51–4–5(b). That being true, the only way for diversity to be defeated is for the defendants to show that the plaintiff was collusively made administrator to create diversity. *See* 28 U.S.C.A. § 1359 (West 1976).[6] The defendants have not made such a showing. *See Schilling v. Belcher*, 582 F.2d 995, 1003 (5th Cir.1978). Diversity is not defeated as to count two of plaintiff's complaint.

Accordingly, defendants' motions to dismiss are DENIED.

---

4. Defendants also contend that plaintiff has not served copies of his complaint on all surviving family members, and, therefore, does not meet the requirements of section 51–4–3(b)(2). However, an examination of this subsection indicates that this is not a necessary prerequisite for plaintiff to successfully bring suit. The section clearly provides that persons not served have a separate cause of action against the plaintiff for their proportionate part of the recovery, if any. There is no danger of double recovery from the defendants. Further, the record indicates that plaintiff has served a copy of his complaint on those family members who, if they chose to intervene, could defeat diversity.

5. This subsection provides:
   When death of a human being results from a crime or from criminal or other negligence, the personal representative of the deceased person shall be entitled to recover for the funeral, medical, and other necessary expenses resulting from the injury and death of the deceased person.

6. This section provides:
   A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.