**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 1, 2015**

# In the Court of Appeals of Georgia

A15A1488. EVANS et al. v. CALDWELL et al.

BARNES, Presiding Judge.

Craig Caldwell and his professional practice, Internal Medicine Associates of Middle Georgia, P. C. (collectively "Caldwell"), appeal the trial court's order permitting a substitution and addition of plaintiffs in this medical malpractice case following the deaths of the named plaintiffs. Caldwell contends that the trial court erred in allowing the plaintiffs to add only two of the five surviving children of the deceased plaintiffs, arguing that the wrongful death statute requires all surviving children must be parties to the suit in the absence of a surviving spouse. For the reasons that follow, we affirm the trial court.

In 2012, Claudia Evans sued Caldwell for medical malpractice, alleging that he had negligently failed to diagnose her cancer. Claudia's husband, Edison Evans, asserted a claim for loss of consortium. Edison died in 2013, and Claudia died in 2014, leaving five surviving children. Two of those children – the ones appointed as

executors of their parents' estates – filed a motion to substitute parties and add additional parties. The trial court granted the motion, substituting the two children in their capacities as co-executors in place of the parents and adding the two children as additional parties for the purpose of pursuing a wrongful death claim for Claudia's life. At Caldwell's request, the court certified its order for immediate review, we granted Caldwell's application for interlocutory appeal, and this appeal followed.

Citing OCGA § 51-4-2, which addresses the parties entitled to bring wrongful death actions for the death of a spouse or parent, Caldwell argues on appeal that the trial court erred by allowing fewer than all of Claudia Evans' five surviving children to be added as plaintiffs. The plaintiffs argue that Caldwell lacks standing to make this argument because he is subject to only one cause of action, and that, in any event, Caldwell's interpretation of the law is wrong.

The predecessor to OCGA § 51-4-2 has been amended several times over the years, and most of the cases cited by both Caldwell and the plaintiffs were decided under earlier versions of the law. In 1939, Code Ann. § 105-1306 provided a right of action for wrongful death to the survivors of a married woman:

> The husband and/or child or children may recover from the homicide of the wife or mother, and *those surviving at the time the action is brought*

2

*shall sue jointly and not separately*, with the right to recover the full value of the life of the decedent, as shown by the evidence, and with the right of survivorship as to said suit, if either shall die pending the action.

Ga. L. 1939, p. 233, § 1 (emphasis supplied). The Supreme Court interpreted this language as requiring that *all* surviving parties had to join in the wrongful death action for *any* surviving party to recover. See *Happy Valley Farms v. Wilson*, 192 Ga. 830, 835 (16 SE2d 720) (1941) (explaining "the necessity of all joining as plaintiffs").

In 1960, the statute was amended to add the following language:

Provided, however, if any one or more of those comprising the husband and children . . . shall desire to bring an action seeking to recover for the tortious homicide of such mother, he or they may file such action and cause a copy thereof to be served personally upon the remaining individuals comprising said husband and children, . . . and any of such persons may intervene in said case as an additional plaintiff at any time before final judgment. After final judgment, any of such persons not a party plaintiff shall have no further right of action against the alleged tortfeasor; but any of such persons not duly served as provided above shall have a right against the parties plaintiff for his or their proportionate part of the recovery in said action.

3

Code Ann. §105-306; (Ga. L. 1960, p. 968, § 1.) Interpreting this additional language, we held:

> This legislation evidences a clear intent that less than all of the potential plaintiffs may bring an action for the full value of the life of the decedent, and all potential plaintiffs who are not served may bring a subsequent action against the successful plaintiffs for a proportionate share of any amount recovered from a tortfeasor.

*Adams v. Wright*, 162 Ga. App. 550, 552 (2) (293 SE2d 446) (1982). We further held that the wrongful death defendant in such a case "has no standing to object to an action by less than all plaintiffs since only one action can be brought against him." Id. Thus, if the present case had arisen under the 1960 law, then the plaintiffs plainly would be correct – all five surviving children would not need to be made parties plaintiff, and Caldwell would lack standing to object to the addition of fewer than all of them.

But the law was amended in 1985 to substantially its present form, which provides:

> (a) The surviving spouse, or if there is no surviving spouse, a child or children . . . may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence.

(b) (1) If an action for wrongful death is brought by a surviving spouse under subsection (a) of this Code section and the surviving spouse dies pending the action, the action shall survive to the child or children of the decedent.

(2) If an action for wrongful death is brought by a child or children under subsection (a) of this Code section and one of the children dies pending the action, the action shall survive to the surviving child or children.

* * *

(d) (1) Any amount recovered under subsection (a) of this Code section shall be equally divided, share and share alike, among the surviving spouse and the children per capita . . .

OCGA § 51-4-2. See Ga. L. 1985, p. 1253, § 1. The current version of the law, then, does not contain the language from the 1960 amendment specifically providing that fewer than all survivors may bring a wrongful death action. Caldwell relies upon this omission for his claim that the current law requires full survivor participation. He also argues that the holding in *Adams*, supra, that the defendant lacks standing to challenge such matters, does not apply in light of the 1985 statutory change.

Caldwell's arguments lack merit. First, although the current law does not explicitly say that full participation is not required, the language of the statute strongly implies it. Under OCGA § 51-4-2 (b) (2), if a child brings a wrongful death action for a parent's death, but the child later dies, the action "shall survive to the

5

surviving child or children" — suggesting that the "surviving child or children" was not a plaintiff at the outset. Second, nothing in the current law changes the rule announced in *Adams* that a wrongful death defendant "has no standing to object to an action by less than all plaintiffs since only one action can be brought against him." 162 Ga. App. at 552 (2). Under OCGA § 51-4-2 (d) (1), the recovery from the wrongful death action is to be divided equally among the survivors, suggesting that there is only one recovery and therefore only one action to be brought. Accordingly, Caldwell has no real stake in the question of whether all the children join in the action, as the number of plaintiffs does not affect the outcome for him. Under *Adams*, Caldwell lacked standing to object to the motion to add plaintiffs.[1]

Because Caldwell lacks standing to complain that fewer than all of Claudia Evans' surviving children are named plaintiffs, and because the trial court did not err in granting the plaintiffs' motion to add and substitute parties, we affirm.

*Judgment affirmed. Ray and McMillian, JJ., concur.*

---

[1] The plaintiffs also argue that even if Caldwell's interpretation of the current statute is correct, the trial court had equitable discretion to allow the prosecution of a wrongful death claim by parties other than those designated by the statute. See *Blackmon v. Tenet Healthsystem Spalding*, 284 Ga. 369, 370-371 (667 SE2d 348) (2008) (recognizing court's equitable authority to allow a representative of a minor child to bring a wrongful death action when a surviving spouse will not). In light of our conclusion that Caldwell lacks standing and has misread the statute, we do not reach this argument.