34079. JACKSON, administratrix, *v.* CENTRAL OF
GEORGIA RAILWAY COMPANY.

558

DECIDED JULY 3, 1952—REHEARING DENIED JULY 16, 1952.

*Watson & Keenan*, for plaintiff in error.

*Farkas, Landau & Davis*, contra.

WORRILL, J. (After stating the foregoing facts.) The present action was brought under the Code, § 105-1309, which provides: "In cases where there is no person entitled to sue under the foregoing provisions of this Chapter, the administrator or executor of the decedent may sue for and recover and hold the amount recovered for the benefit of the *next of kin, if dependent upon the decedent, or to whose support the decedent contributed.* In any such case the amount of the recovery shall be determined by the extent of the dependency or the pecuniary loss sustained by the next of kin." (Italics ours.) In order to benefit from this statute, both dependency and contribution must exist. The existence of either dependency standing alone, or contribution standing alone, will not authorize a recovery. *Wilson* v. *Pollard,* 190 *Ga.* 74, 81 (8 S. E. 2d, 380). In the present case it is alleged that the aunt was dependent upon *and* received contributions from the niece; but the question is raised as to whether or not she has a right of action where, as alleged, the niece left surviving her a living brother of full blood and a half brother, neither of whom was dependent upon or received any contribution from the decedent.

The statute, being in derogation of the common law, must be strictly construed. *Smith* v. *Hatcher,* 102 *Ga.* 158 (29 S. E. 162); *Robinson* v. *Georgia R. & Bkg. Co.,* 117 *Ga.* 168 (43 S. E. 452, 60 L. R. A. 555, 97 Am. St. R. 156); *Thompson* v. *Watson,* 186 *Ga.* 396 (197 S. E. 774, 117 A. L. R. 484). It provides a right of action on behalf of the next of kin, if such next of kin was dependent upon and received support from the decedent. Strictly construing the statute, the Supreme Court held in *Wilson* v. *Pollard,* supra, that the word "or" in the language "dependent upon the decedent, or to whose support the decedent contributed" means "and," so that, as hereinbefore stated, both dependency and contribution are essential to a right of action. But the expression "next of kin" needs no construction. It means what it says, the "next of kin," as against all others not entitled to sue under the Code, §§ 105-1306 and 105-1307, and does not mean a person among a group of dependents who, in comparison with all the other members of the group, is the next of kin to the decedent, though not, as against all other persons, the next of kin or nearest of kin to the decedent. In the present case

there was only one next of kin or nearest of kin to the decedent, namely, the brother of full blood. See *Dawson* v. *Shave,* 162 *Ga.* 126 (132 S. E. 912). To allow one to benefit from the last-named situation, as apparently contended by the plaintiff in error, would be to extend the provisions of the statute to a class clearly not contemplated by it, and include a person from among a group of dependents who would not necessarily be the "next of kin" as against others outside the group. In determining whether or not in the present case an administrator may bring an action on behalf of the aunt of the decedent, the first inquiry is, "Was she the next of kin?" If not, no further inquiry is necessary. If she is the next of kin, it is then necessary to inquire, "Was she dependent upon the decedent and did the decedent contribute to her support?" If that question be answered in the affirmative, she comes within the statute. If answered in the negative, she does not qualify. Here it is not necessary to go beyond the first question, because the petition alleges that the decedent left surviving her a brother and a half brother, and in this situation the aunt is manifestly not the next of kin, as under the Code, § 113-903 (5, 8), the brother of the decedent is, as against the aunt, the next of kin and stands in the second degree from the decedent sister. See also *Dawson* v. *Shave,* supra. The fact that the brother was not dependent upon her and, therefore, can not avail himself of any benefit under the statute, can not have the effect of rewriting the statute and letting in the aunt, who is obviously not the next of kin. It follows that the court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*