Walter F. SILVA, Executor under the Last Will and Testament of Gordon W. Silva, deceased, Walter F. Silva, Individually, Grace D. Andrews and Alice Whewell, Petitioners,

v.

GULF OIL CORPORATION (Own Risk) and State Industrial Commission, Respondents.

No. 37808.

Supreme Court of Oklahoma.

Jan. 14, 1958.

Ames, Daugherty, Bynum & Black, Oklahoma City, for petitioners.

James B. Diggs, Jr., Edwin S. Hurst, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

This is a proceeding brought by Walter F. Silva as executor under the last will and testament of Gordon W. Silva, deceased, to review an order of the State Industrial Commission denying a claim for compensation filed by him under the death benefit provisions of the Workmen's Compensation Law as executor and in his own behalf as brother of deceased, and Grace D. Andrews, sister of deceased, and Alice Whewell, aunt of deceased, against the Gulf Oil Corporation, own risk carrier, referred to herein as respondents.

Petitioner in his claim alleges that he is a brother of deceased and that Grace D. Andrews is his sister and Alice Whewell his aunt; that the above mentioned parties constitute the only surviving dependents and heirs at law of deceased.

The evidence discloses that Gordon W. Silva on the 29th day of December, 1955, while in the employ of respondent and engaged in the course of his employment sustained an accidental injury resulting in his death; that he was employed by respondent as an air pilot; that the accident resulting in his death occurred when his plane crashed.

Deceased at the time of his death was a single man. He had never been married. He left surviving him no wife, no children, no father, no mother, but left surviving him his brother, Walter F. Silva, and a sister, Grace D. Andrews, and Alice Whewell, his aunt.

The evidence further shows that Walter F. Silva and Grace D. Andrews, brother and sister of deceased, were married and not dependent upon deceased for support, and that they suffiered no pecuniary loss as a result of deceased's death. The evidence shows that Alice Whewell, aunt of deceased, did suffer a pecuniary loss as the result of his death and was a dependent. The evidence shows that for the last four or five years of his life deceased contributed regularly to the support of his aunt, and that she had for a long time been dependent upon him for support.

The above evidence is undisputed. The trial judge after finding that on the 29th day of December, 1955, Gordon W. Silva, while in the employ of respondent, Gulf Oil Corporation, and engaged in the course of his employment as an air pilot, sustained an accidental injury resulting in his death; that deceased left surviving him a brother, Walter F. Silva, executor of his estate, and Grace D. Andrews, a sister, and Alice Whewell, an aunt, as his sole and only next of kin and further found:

"The brother and sister are the sole and only legal heirs of decedent neither of whom are or were dependents at the time of his death, and the aunt, Alice Whewell, was a dependent but not a legal heir of decedent at the time of his death.

"By reason of the foregoing findings of fact, as a matter of law, the deceased left no legal and dependent heir entitled to death benefits under the provisions of the Act."

The trial judge upon such findings entered an order denying compensation, which was sustained by the Commission en banc on appeal.

Petitioner brings the case here to review this order. He, however, in his brief concedes that he is not entitled to recover compensation in his behalf and in his sister's behalf for the reason they suffered no pecuniary loss as the result of the death of deceased nor were they dependents. He, however, contends that he may recover on behalf of deceased's aunt, Alice Whewell, for the reason she did suffere a pecuniary loss as the result of deceased's death and was his sole surviving dependent next of kin and heir at law of deceased. We do not agree.

85 O.S.1951 § 22, subd. 7, provides:

"If the injury causes death within two (2) years from the date of the accident or, if the injury causes con-

tinuous disability and causes death within five (5) years from the date of the accident, notice of which was given as provided in this Act, compensation shall be payable in the amount of Thirteen Thousand Five Hundred Dollars ($13,500.00) and to the dependents of the deceased employee as defined herein."

Section 3.1, subd. (1) of said statute defines the term dependent or dependents as used in this act to mean and include the heirs at law of deceased as defined by the descent and distribution statute of Oklahoma.

The above sections were construed by this court in Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, 1139, wherein the court said:

" * * * It must be always borne in mind that the injured employee's cause of action for damages for personal injuries was and is one at common law, now abrogated by the Workmen's Compensation Law, but that the right of others to recover for his death is purely statutory and exists in this jurisdiction solely by virtue of 12 O.S. 1941 § 1053. St. Louis & S. F. Ry. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A. 1915E, 1141. No cause of action for death is created by Art. XXIII, sec. 7 (originally or as amended) or by the Workmen's Compensation Law which now applies to and controls both causes of action. This last mentioned law does not and cannot create either. Therefore, those persons entitled to recover on either cause of action (personal injury or death) remain the same. Section 1053 of Title 12 O.S.1941, provides that damages recoverable for death 'must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin'. The amount recoverable is measured by the pecuniary loss each sustains by reason of the death. The total amount of such recovery is now fixed at $13,500 by the Workmen's Compensation Law as authorized by the 1950 amendment to Art. XXIII, sec. 7, Const. The parties entitled to participate therein remain the same."

It is the contention of petitioner that Alice Whewell, aunt of deceased, could have prior to the amendment of Art. 23, sec. 7, of the State Constitution and prior to the passage of the death benefit provision of the Workmen's Compensation Law maintained an action for damages against the Gulf Oil Corporation under the provisions of 12 O.S.1951 § 1053, and that under Capitol Steel & Iron Co. v. Fuller, supra, she may therefore recover compensation in her favor under the death benefit provision of the Workmen's Compensation Law, and in support of this contention relies on the case of Missouri-Kansas-Texas R. Co. v. Canada, 130 Okl. 171, 265 P. 1045, 59 A.L.R. 743. In that case it appears that an action was brought by the administrator of the estate of Minnie P. Canada, deceased, for the recovery of damages alleged to have been caused by the negligence of defendant Missouri-Kansas-Texas R. Co. at a grade crossing which resulted in the death of Minnie P. Canada. The deceased was the wife of Wiley G. Canada, administrator, who brought the action. Mrs. Canada left surviving her three adult married and independent children who suffered no pecuniary loss as the result of the death of deceased. The court instructed the jury that there was no evidence showing a pecuniary loss to any of the three children of deceased, and that should the verdict be for the plaintiff the amount of recovery should be that which would fairly and reasonably compensate the husband for the pecuniary loss that he had sustained, if any, by reason of the death of his wife.

The statute then in existence, sec. 824, C.O.S.1921, provided:

" * * * The damages must inure to the exclusive benefit of the widow and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

This section was amended in 1925 by substituting the words "surviving spouse" for

the word "widow" and the act as amended now appears in 12 O.S.1951 § 1053. The jury in that case returned a verdict in favor of plaintiff, and judgment was rendered on the verdict. Defendant railway company appealed and contended that the statute creates two classes, class A and class B. They claim A consists of the widow and children; that B consists of next of kin; that class B cannot recover when there exists members of class A, even though they have sustained no pecuniary loss. The trial court denied this contention and in the opinion said:

"There was no legal obligation on the part of deceased to support her 'adult children.' There was no voluntary contribution—there was no pecuniary loss to them. Considering that they had a right of action by statute, they had no right to a recovery, for it affirmatively appears they sustained no pecuniary loss. They, the adult children, did not exist then in a legal sense. The administrator was entitled to maintain the action for the statutory beneficiary who could establish a pecuniary loss.

\*      \*      \*      \*      \*      \*

"The husband, who had a reasonable expectation of pecuniary benefit from the continuance of the life of his wife, stands in no worse condition than if the decedent had left no children surviving her. The adult son and daughters, under the facts, were not beneficiaries. In the absence of beneficiaries of the first class who have suffered pecuniary loss, the damages should go to the next of kin shown to have suffered loss as contemplated by the statute."

■ In the above case the court defined the term "next of kin" as follows:

"By the term 'next of kin' used in section 824, C.O.S.1921, is meant all who would be entitled to share in the distribution of the personal property of the deceased."

Moreover, this court in the Capitol Steel & Iron Co. v. Fuller case, supra, held that in order that claimant may recover compensation under the death benefit provisions of the Workmen's Compensation Act he must establish that he was both a dependent and heir at law of deceased.

The above case relied on by petitioner to sustain his contention is not applicable here since the husband in that case, in whose favor the damages were awarded, was next of kin as that term is defined in the opinion and also as heir at law of deceased whether she left surviving her any children or not, under the provisions of 84 O.S.1951 § 213, subds. 1 and 2.

■ Under the evidence in this case Alice Whewell, aunt of deceased, is not entitled to share in the distribution of the personal property of deceased and is therefore not next of kin or heir at law of deceased and cannot recover compensation under the death benefit provisions of the Workmen's Compensation Law.

Petitioner also cites and relies upon Poff v. Pennsylvania Railroad Co., 327 U.S. 399, 66 S.Ct. 603, 90 L.Ed. 749. In that case the action was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. We have carefully read and examined that case. We do not think it applicable under our statute.

We conclude that the Commission ruled correctly in denying compensation.

Order sustained.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, and CARLILE, JJ., concur.