### 39041. COLEMAN v. WALDEN.

DECIDED OCTOBER 4, 1961—REHEARING DENIED
OCTOBER 18, 1961.

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley,* for plaintiff in error.

*N. Forrest Montet, Roscoe Pickett,* contra.

FELTON, Chief Judge. Since the matter raised by the plea did not appear upon the face of the petition, the plea was the proper method of raising the issue, and therefore it alone need be ruled upon. It was stipulated that Marion W. Coleman was the daughter of the plaintiff and was the daughter of the deceased, O. M. Walden. *Code* § 105-1302 provides that: "A widow, or, if no widow, a child or children, minor or sui juris, may recover from the homicide of the husband or parent, the full value of the life of the decedent, as shown by the evidence." "In the event of a recovery by the widow she shall hold the amount recovered subject to the law of descents, as if it were personal property descending to the widow and children from the deceased." *Code* § 105-1304. Since these above two sections must be considered and construed together (*City of Elberton v. Thornton,* 138 Ga. 776, 76 SE 62, AC 1913E 994; *Bloodworth v. Jones,* 191 Ga. 193, 11 SE2d 658), the effect of a recovery by the plain-

tiff would be to allow the daughter, whose negligence caused decedent's death, to profit by her own wrong. Did the legislature intend such a result when it enacted this statute? The Supreme Court of Georgia has interpreted this statute to mean that a right of action is given to the children for the death of the father only in cases where the death is caused by the tortious act of one other than the children, so as to deny a right of action to a part of the children against the other. *Thompson v. Watson*, 186 Ga. 396, 406 (197 SE 774, 117 ALR 484). This decision was based upon the fact that the right of action was given to all the children of the deceased as a class, not as separate individuals, and upon the legislative history of the statute. "Lord Campbell, the author of the first death statute of England from which our present statute evolved, said that his act was passed for the purpose of 'giving a compensation by action to the families of those killed *by the negligence of others.*' 12 Camp. Lives Ld. Ch. 265." *Thompson v. Watson*, 186 Ga. 396, 406, supra. While it is true that the plaintiff widow is bringing the suit in the case at bar, as is provided for in *Code* § 105-1302, and that in the *Thompson* case the children were bringing the action because their mother had died in the same accident as their father, there is no apparent valid reason to assume that the legislative intent (to restrict such recoveries to persons other than the named members of the decedent's family, i.e., the widow and child or children), would not apply equally in both situations. If the case of *Happy Valley Farms, Inc. v. Wilson*, 192 Ga. 830 (16 SE2d 720) is contrary to the *Thompson*, case, supra, the *Thompson* case, being the older case, must govern. However, the negligence involved in the *Wilson* case was the concurrent negligence of the husband and the defendant. In this case the negligence of the defendant is derivative under the doctrine of respondeat superior and is not based on an independent act of negligence on the part of the defendant.

The fact that the tortfeasor's husband was the named defendant, under the family-car doctrine, rather than the daughter herself, would not, under the *Thompson* case, give the plaintiff a cause of action against the defendant, since her negligence, which would ordinarily be imputed to him under the family-

car doctrine, was not actionable under the statute. See *Thompson v. Watson*, 186 Ga. 396, 410, supra, where it is stated: "As to the negligence of Mrs. Thompson, there being no cause of action given by the statute as arising out of the tort committed by her, no action could be maintained thereon against her husband under the family-car doctrine. While under that doctrine her negligence is imputable to him, such negligence is not actionable under the statute." It follows that the trial court erred in its judgment overruling the defendant's plea.

*Judgment reversed. Bell and Hall, JJ., concur.*