## 21502. WALDEN v. COLEMAN.

CANDLER, Justice. Mrs. O. M. Walden sued W. L. Coleman for the full value of the life of her husband, O. M. Walden, and alleged that he was killed by the negligence of the defendant's wife, Marion W. Coleman, while she was driving a car her husband owned and kept for the pleasure and convenience of his family. The defendant filed a plea in bar which in substance alleges: Marion W. Coleman is a daughter of the plaintiff and O. M. Walden, the deceased, was her father. Any amount of damages which the plaintiff recovers in her suit will under *Code* § 105-1304 belong to

her and her two children and will be distributed between the three under this State's law of descents, as if it were personal property descending to the widow and children from the deceased. If the plaintiff is permitted to maintain her action and a recovery is obtained, Marion W. Coleman, the person whose negligence allegedly caused the death of her father, will receive one-third of such amount "which is contrary to public policy, and other applicable laws of this State." The parties stipulated that Marion W. Coleman is a daughter of the plaintiff and that O. M. Walden, the deceased, was her father. On that stipulation, the court overruled the defendant's plea in bar. The defendant excepted to that judgment and sued out a writ of error to the Court of Appeals. That court held that the defendant's plea in bar should have been sustained and accordingly reversed the trial court's judgment. See *Coleman v. Walden*, 104 Ga. App. 661 (122 SE2d 757). On application therefor, this court granted the writ of certiorari to review the judgment rendered by the Court of Appeals. *Held:*

In 1850 an act was passed in this State which provides: "In all cases hereafter where death shall ensue from or under circumstances which would entitle the deceased, if death had not ensued, to an action against the perpetrator of the injury, the legal representative of such deceased shall be entitled to have and maintain an action at law against the person committing the act from which the death resulted—one half of the recovery to be paid to the wife and children, or the husband of the deceased, if any, in case of his or her estate being insolvent." Cobb's Dig., p. 476. The act has been several times amended. *Code Ann.* § 105-1302 which was codified from the original act and three amendments to it provides: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent the full value of the life of the decedent, as shown by the evidence." *Code Ann.* § 105-1304, which is an amendment to the original act which was passed in 1878 (Ga. L. 1878-1879, p. 59), provides: "In the event of a recovery by the widow she shall hold the amount recovered subject to the law of descents, as if it were personal property descending to the widow and children from the deceased." And *Code Ann. Supp.* § 105-1306 comes from the amendments to the original

act which were passed in 1887 (Ga. L. 1887, pp. 43, 45) and in 1939 (Ga. L. 1939, p. 233), and that section declares: "The husband and/or child or children may recover for the homicide of the wife or mother, and those surviving at the time the action is brought shall sue jointly and not separately, with the right to recover the full value of the life of the decedent, as shown by the evidence, and with the right of survivorship as to said suit, if either shall die pending the action." This section was further amended in 1960 (Ga. L. 1960, p. 968), but it is not here necessary to state the provisions of that amendment. However, attention is called to the fact that *Watson v. Thompson,* 185 Ga. 402 (195 SE 190) was decided by this court before the amendment of 1939 to § 105-1306 was passed. It is contended and argued in the instant case that our death statute as amended was passed for the purpose of giving compensation by action to the families of those killed by others and that the right or cause of action was given thereby jointly to all of the specified beneficiaries or to none of them. This contention is sustained by the majority holding in *Thompson v. Watson,* 186 Ga. 396 (197 SE 774, 117 ALR 484). The Court of Appeals in rendering the decision complained of in the case at bar followed the majority holding of this court in *Thompson v. Watson,* supra. Chief Justice Russell and Mr. Justice Jenkins did not agree to that decision but neither filed a dissenting opinion. In that case the suit was brought under *Code* § 105-1302, and it was there alleged that Mrs. Thompson, while driving a car which her husband owned and kept for the pleasure and convenience of his family, had a wreck which was caused by the defective condition of her husband's car and the reckless manner in which she was operating it, and that her father and mother who were riding with her as guest passengers, were both killed but the mother predeceased the father. Four of the five children of the deceased father brought a suit against the fifth child (Mrs. Thompson) and her husband for the full value of the father's life and this court held that a demurrer to the petition should have been sustained as to both of them because no right or cause of action is given under *Code* § 105-1302 to four of five children of a deceased father against a fifth child for the homicide of the father, caused by the joint negligence of such child

and her husband since the right or cause of action is jointly in all of the children of the deceased father whose wife predeceased him or in none of them, and because the petition failed to state a cause of action against the other defendant— Mr. Thompson since his wife, one of the five children of the deceased, as an indispensable party plaintiff to the action. That case clearly held that the cause of action declared on was jointly in all of the children of the deceased father or in none of them, and in a suit against the husband of the fifth child, the failure to join the fifth child as a party plaintiff, solely on the ground that she is liable with her husband, defeats the action. In the case at bar the facts are like those of the case just discussed, except the wife survived her husband and she, as his widow, brought a suit under *Code* § 105-1302 for the full value of his life but only against her son-in-law, the owner of the car, and he by a plea in bar challenged her right to maintain her suit on the ground that since the petition affirmatively alleges that his wife's negligence caused the death of her father, it therefore shows that she will not be legally entitled to a part of the recovery which her mother may obtain; hence, the suit against him cannot be maintained because any right to recover damages for the decedent's death is, under *Code* § 105-1302, jointly in his widow and all of his children or in none of them. So it is apparent that the same question which was presented to this court for decision in *Thompson v. Watson,* supra, is again presented by the instant case, and if the holding in that case announces a correct principle of law, it necessarily follows that the trial judge erred in failing to sustain the defendant's plea in bar, and that the Court of Appeals committed no error in reversing his judgment.

In *Happy Valley Farms v. Wilson,* 192 Ga. 830 (16 SE2d 720), this Court answered certain questions which had been certified to it by the Court of Appeals. There the surviving husband and the only child of Mrs. Wilson, who had been killed in a collision between two automobiles, one of which was being operated by her husband and the other by an employee of the corporation, jointly sued the corporation under *Code* § 105-1306, as amended in 1939 (Ga. L. 1939, p. 233) for the full value of her life. The answers given by this court to the questions certified were agreed to by all

of the Justices, except Chief Justice Reid, who dissented. Briefly stated, that case holds (1) that the plaintiff child could recover one-half of the full value of the life of his mother on proof of the defendant's alleged negligence, (2) that the plaintiff husband could recover no amount if by the exercise of ordinary care and diligence he could have avoided the consequences of the defendant's alleged negligence, and (3) that he could recover only a part of his half of the full value of her life if he and the defendant were both negligent with respect to the act which caused his wife's death but his negligence was less than the defendant's—in which event his recovery would be diminished in proportion to his own degree of negligence. That holding is the exact equivalent of saying that the husband and child each had a separate right or cause of action for the recovery of his respective half of the full value of the life of Mrs. Wilson, their respective wife and mother, and that the right of the plaintiff child to recover his half was not barred or lessened for any reason which would prevent his father, the other beneficiary, from recovering his half or some lesser amount thereof. As authority for such ruling, the court cited with approval Kokesh v. Price, 136 Minn. 304 (161 NW 715), where it was said: "The serious question in the case is whether, in view of the negligence of Kokesh, he as administrator can be permitted to recover a verdict for the benefit of himself and children." On that question the Minnesota court ruled as follows: "In this case there were three beneficiaries, the husband and two children. The husband alone was negligent. The question presented by this record is whether the contributory negligence of the husband barred all recovery by himself as administrator. Partial reduction, to the extent of the share he may receive as beneficiary, was not asked for in the trial court, or in this court. Defendant has seen fit to stand or fall on the contention that his negligence is a complete bar. We do not sustain this contention. We see no principle of law on which it can be said that the negligence of one beneficiary can prejudice other beneficiaries. There is no partnership or community of interest between them; one is in no sense the agent or representative of the others. His negligence should not be imputed to them, and it should detract nothing from them. If the children were small, and the deceased the bread-

winner of the family, the objectionable result of such a rule would be more pronounced, but the principle is just the same."

In the instant case, as we have previously stated, the widow, Mrs. Walden, sued Coleman for the full value of the life of her deceased husband and there is no contention that it was necessary for any other person to join with her in bringing the action, but it is averred in the defendant's plea in bar that she cannot maintain her suit since Mrs. Coleman, one of her two children, is the person whose negligence actually caused the death of her father and that she will under *Code* § 105-1304 receive a portion of any recovery obtained in the case. His special plea simply amounts to a contention that the widow and all of her children had a joint cause of action arising from the wrongful death of their respective husband and father which the widow was authorized to enforce by suit under the provisions of *Code* § 105-1302 for her own benefit and for the benefit of *all* of her children. There, of course, can be no recovery in the instant case unless the evidence shows that Mrs. Coleman's negligence caused the death of her father and, if her negligence was the cause of his death, it is elementary that she is not entitled to damages for her own wrongful act. But the question in this case is whether the negligence of Mrs. Coleman barred all recovery sought by her mother as widow of the deceased. As in Kokesh v. Price, supra, partial reduction, to the extent of the part of the recovery Mrs. Coleman may receive as a child of the deceased, was not asked for in the trial court. The defendant by his special plea has seen fit to stand or fall on the contention that his wife, being a daughter of the deceased, is a complete bar to the suit brought by her mother. We do not sustain this contention. As was said in Kokesh's case, supra, we see no principle of law on which it can be said that the negligence of one beneficiary can prejudice other beneficiaries. A different ruling would destroy a valuable right of some of the beneficiaries because of the wrongful act of another and we cannot bring ourselves to believe that the legislature in passing our original death statute and the amendments subsequently made thereto intended for it to have such an unjust and inequitable effect. Most assuredly such a construction and application of it would

not square with our conception of justice respecting those beneficiaries of the statute who have not forfeited the right which it confers on them by the commission of any wrongful act. In the annotation to Kokesh v. Price, supra, in 23 ALR 643, the editors begin with this comment: "There is a considerable number of cases supporting the general proposition that the contributory negligence of one beneficiary in an action for death will not bar recovery for the benefit of the other beneficiaries, who were not negligent. Recovery will be defeated, at most, only to the extent of the negligent beneficiary's interest." A further annotation may be found in 69 ALR 470, to the report of the case of Herrell v. St. Louis-San Francisco Railway Co., 324 Mo. 38 (23 SW2d 102), where many additional authorities so holding are cited. Under the ruling in *Happy Valley Farms v. Wilson,* supra, as we have previously pointed out, each of the beneficiaries specified by *Code* § 105-1306 as amended in 1939 has a separate cause of action for the death of their wife and mother and for the same reason given in that opinion we hold that each of the beneficiaries specified by *Code* § 105-1302 has a separate cause of action for the death of their husband and father, which the mother, if in life, asserts by action for all of them and in the instant case there is no reason why the defendant by proper pleadings could not have asked for a reduction in the amount which the plaintiff widow is seeking to recover from him to the extent of his wife's share in the full value of her father's life whose death was allegedly caused by her negligence. And since we are of the opinion that the majority holding in *Thompson v. Watson,* supra, is an incorrect pronouncement of the law, we will decline to follow it just as the majority did in *Happy Valley Farms v. Wilson,* supra. We have not overlooked the ruling in *Watson v. Thompson,* supra, which, as we have previously pointed out, was decided prior to the 1939 amendment to § 105-1306, but as this Court said in *Happy Valley Farms v. Wilson,* supra, that decision holds nothing contrary to the view now being expressed. Hence, we hold that the judgment rendered by the Court of Appeals is erroneous.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 17, 1962—DECIDED FEBRUARY 8, 1962.

*N. Forrest Montet,* for plaintiff in error.
*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley,* contra.