Carol ARCHER, as natural guardian of Tara and Patrick Ruschmann, the minor children of the deceased Gary Ray Ruschmann, Appellant,

Lanette Tackett, as administratrix of the deceased's estate,

v.

Individually, and in official capacities w/Iowa Men's Penitentiary at Fort Madison; Victor PREISSER, Commissioner, Iowa Dept. of Social Services; Harry Woods, Director, Iowa Division of Adult Corrections; Jack Baughman, Warden; Paul Hedgepeth, Deputy Warden; James Menke, Head of Security; Dennis Babcock, Counselor; Leo Shipe, Cellhouse Captain; Mohammed Irfan, Psychologist; Maurice Mecley, Physician's Assistance; Dr. Orland Daumy, Supervising Physician, Appellees.

No. 83–1335.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1983.

Decided Dec. 29, 1983.

Philip Mears, Richard Zimmermann, Mears, Zimmermann & Mears, Iowa City, Iowa, Paul Rosene, Sioux City, Iowa, for appellant.

Thomas J. Miller, Atty. Gen. of Iowa, Gordon E. Allen, Sp. Asst. Atty. Gen., Mark Hunacek, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

Carol Archer as guardian of two minor children appeals from an order entered in the District Court[1] for the Southern District of Iowa dismissing her as a plaintiff in a civil rights action, brought under 42 U.S.C. § 1983 (1976), based on the death of the children's father allegedly caused by a violation of the father's constitutional rights. The district court held that appellant lacked standing. *Archer v. Preisser,* No. 80–118–D–2 (S.D.Iowa Oct. 17, 1980, reconsidered June 2, 1982). We affirm.

As noted by the district court, appellant's complaint is devoid of any allegations that the defendants deprived the children of any federally protected rights. Appellant's complaint rather asserted decedent's cause of action.

Title 42 U.S.C. § 1983 does not address the question of the survival of an action where the individual whose civil rights have allegedly been denied has died. In proceedings to vindicate civil rights, 42 U.S.C. § 1988 (1976) authorizes reference to state law for questions left unanswered by the applicable federal law. Thus, in order to ascertain whether in the present case the decedent's § 1983 cause of action survived, as well as who has standing to prosecute

---

1. The Honorable Harry D. Vietor, United States District Judge for the Southern District of Iowa.

the action, the court must turn to Iowa law. *See Landrum v. Moats,* 576 F.2d 1320, 1323 n. 2 (8th Cir.), *cert. denied,* 439 U.S. 912, 99 S.Ct. 282, 58 L.Ed.2d 258 (1978).

Iowa Code Ann. § 611.20 (West 1981) provides for the survival of actions. Section 611.22 grants standing to bring such an action only to the legal representative or successors in interest of the deceased. *See Egan v. Naylor,* 208 N.W.2d 915, 918 (Iowa 1973). Thus appellant, as guardian for decedent's children, did not have standing to prosecute this action.

Accordingly, the order of the district court dismissing appellant's action for lack of standing is affirmed.