Nik CARPENTER, individually, and as the Special Administrator of the Estate of Wade Carpenter, deceased, Plaintiff,

v.

WILLIAMS COUNTY, NORTH DAKOTA; Stan Lyson, Sheriff of Williams County, North Dakota; and Elroy Jorgenson, Defendants.

Civ. No. A4–83–137.

United States District Court, D. North Dakota, Northwestern Division.

Sept. 30, 1985.

Joanne M. Briese, Charles F. Moses, Richard J. Carstensen, Billings, Mont., Deborah Carpenter, Bismarck, N.D., for plaintiff.

Jeffrey R. Hannig, Moorhead, Minn., for defendants.

## ORDER

VAN SICKLE, Senior District Judge.

This is an action pursuant to 42 U.S.C. § 1983. Plaintiff's son, a juvenile, died while incarcerated in the Williams County Jail and Plaintiff alleges that the death resulted from Defendants' lack of supervision of the jail facility. The complaint alleges two counts: Count One seeks damages on behalf of the decedent for pain, suffering, and medical and burial expenses, while Count Two seeks damages for Plaintiff's loss of consortium. On September 22, 1983, Defendants filed a motion for partial summary judgment, asserting that Count Two was barred by the applicable statute of limitations. This court entered an order on that motion on December 29, 1983, holding the motion in abeyance pending further briefing. On March 9, 1984, this court held a hearing on the motion. At the conclusion of that hearing, this court asked that the parties submit additional briefing after certain depositions were completed. On July 2, 1985, United States Magistrate Karen K. Klein held a telephone status conference concerning this action. On July 10, 1985, Plaintiff filed the supplemental brief discussed at the March 9, 1984 hearing. Defendants filed a reply brief on the motion for partial summary judgment on July 23, 1985. This order is addressed to the motion for partial summary judgment, which seeks dismissal of Count Two on grounds it is barred by the statute of limitations.

While this matter was pending, the Supreme Court issued a decision which affects this court's disposition of this matter. In *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Court held that, for statutes of limitations purposes, all section 1983 actions are properly characterized as personal injury actions. The Court further held that 42 U.S.C. § 1988 is fairly construed as a directive to

select, in each state, the one most appropriate statute of limitations for all section 1983 claims. Since *Wilson* arose in New Mexico, the Court applied New Mexico's statute of limitations governing actions "for an injury to the person or reputation of any person." *Id.* 105 S.Ct. at 1949.

The question can thus be stated simply: What statute of limitations is to be applied to all section 1983 actions to which a North Dakota statute applies? Plaintiff argues the answer lies in N.D.Cent.Code § 32–12.-1–10 (Supp.1983), which provides a three year statute of limitations for actions brought against political subdivisions. In *Wilson,* however, the Court stated, "[W]e are satisfied that Congress would not have characterized § 1983 as providing a cause of action analogous to state remedies for wrongs committed by public officials." This court therefore rejects Defendants' assertion that section 32–12.1–10 provides the proper statute of limitations for section 1983 actions in North Dakota.

Defendants argue that Count Two should be governed by the two year statute of limitations for wrongful death actions found in N.D.Cent.Code § 28–01–18(4) (Supp.1983). In support of their position, they cite cases holding that state law governs survival of civil rights actions under section 1983. *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978); *Archer v. Preisser,* 723 F.2d 639 (8th Cir.1983). The language of *Wilson,* however, does not leave room to apply a different statute of limitations when a claim for alleged deprivation of civil rights resulting in death is involved:

> Although the need for national uniformity "has not been held to warrant the displacement of state statutes of limitations for civil rights actions," [citations omitted], uniformity within each State is entirely consistent with the borrowing principle contained in § 1988. We conclude that the statute is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for *all* § 1983 claims.

105 S.Ct. at 1947. For a more balanced approach, see Justice O'Connor's dissent.

North Dakota law provides a six year statute of limitations for "[a]n action for criminal conversation or for any other injury to the person or rights of another not arising upon contract, when not otherwise expressly provided." N.D.Cent.Code § 28–01–16(5) (Supp.1983). This is the statute for personal injury action which is to be applied in section 1983 actions to which North Dakota law applies. This action was commenced within the six year period.

For the foregoing reasons, IT IS ORDERED:

Defendant's motion for partial summary judgment is denied.