**Filed 8/14/96**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

LINDA POPE; F. DARRELL POPE, as natural parents and next of kin of Darrell J. Pope,

Plaintiffs-Appellants,

v.

RON WARD, individually; RON WARD, in his official capacity as Warden of the Oklahoma Penitentiary; KEN KLINGER, individually; KEN KLINGER, in his official capacity of a Deputy Warden of the Oklahoma State Penitentiary; CLIFF URNAGA, individually; CLIFF URNAGA, in his official capacity of a Deputy Warden of the Oklahoma State Penitentiary; FRED COOK, individually; FRED COOK, in his official capacity as Unit Manager of H-Unit (Death Row Unit) of the Oklahoma State Penitentiary,

Defendants-Appellees.

No. 95-7129
(D.C. for E.D. Oklahoma)
(D.C. No. CV-95-138-S)

---

**ORDER AND JUDGMENT***

---

Before **TACHA**, **McWILLIAMS**, and **MURPHY**, Circuit Judges.

---

Plaintiffs, the natural parents of Darrell J. Pope, deceased, appeal the district court's order granting summary judgment to defendants, state prison officials, on plaintiffs' claims filed under 42 U.S.C. § 1983. Pope was murdered by his cellmate at the Oklahoma State Penitentiary. Alleging violations of Pope's Eighth and Fourteenth Amendment rights, plaintiffs sued for "damages, prospective injunctive relief for inmates assigned to H-Unit [the maximum security unit to which Pope was assigned], and other appropriate relief under 42 U.S.C. § 1983 for the deprivation of [Pope's] rights." The district court held that the Eleventh Amendment barred prosecution of defendants in their official capacities; that defendants were entitled to qualified immunity in their individual capacities; and that plaintiffs lacked standing to assert a conditions of confinement claim. On appeal, plaintiffs argue that the Eleventh Amendment does not bar their claim for injunctive relief; that defendants were not entitled to

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

qualified immunity; and that plaintiffs have standing as Pope's natural parents. Because plaintiffs lack standing to pursue their claims, we affirm.

This court reviews the district court's entry of summary judgment *de novo*. *Schusterman v. United States*, 63 F.3d 986, 989 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 1823 (1996). A trial court's grant of summary judgment may be affirmed if any proper grounds exist to support the ruling. *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988). Because we determine that plaintiffs lack standing, we affirm without reaching the merits of their appeal.

First, plaintiffs lack standing to bring an action for damages based on the alleged deprivations of Pope's rights. In suits brought under 42 U.S.C. § 1983, the question of who may bring an action for violations of a decedent's constitutional rights is answered by looking to state law. *See* 42 U.S.C. § 1988; *Grandbouche v. Clancy*, 825 F.2d 1463, 1465 (10th Cir. 1987); *Archer v. Preisser*, 723 F.2d 639, 639-40 (8th Cir. 1983). Under Oklahoma's wrongful death statute, as amended in 1978, damages for a decedent's pain and suffering, lost earnings, and punitive damages are available in a wrongful death action. *See* Okla. St. Ann. tit. 12 § 1053; *Berry v. City of Muskogee*, 900 F.2d 1489, 1500-01 (10th Cir. 1990) (discussing remedies available under Oklahoma's wrongful death and survival statutes). Such an action is properly brought by the personal representative of the estate or, if no personal representative has been appointed,

by the decedent's next of kin. *See id.* § 1054; *Fletcher v. Amity Care, Inc.*, 810 P.2d 834, 835 (Okla. Ct. App. 1991). In this case, plaintiffs sued as Pope's natural parents and next of kin. Plaintiffs have failed to allege, however, that no personal representative has been appointed. Moreover, their brief indicates that Pope left a minor son. Under Oklahoma law, Pope's minor son is his next of kin. *See Silva v. Gulf Oil Corp.*, 320 P.2d 711, Syl. ¶ 2 (Okla. 1958) (holding that "next of kin" refers to those individuals who are entitled to share in the distribution of the decedent's estate); Okla. St. Ann. tit. 84 § 213 (providing that "if [a] decedent . . . leaves issue, the whole estate goes to such issue"). Accordingly, plaintiffs lack standing to sue for damages under Oklahoma's wrongful death statute.

In the alternative, plaintiffs argue they have standing to bring a survivorship action on behalf of Pope's estate. Assuming the availability of damages under Oklahoma's wrongful death statute does not preclude recovery in a survival action, plaintiffs have nevertheless failed to demonstrate that they are the appropriate parties to bring suit on behalf of the estate. At oral argument, plaintiffs' counsel conceded that plaintiffs were not suing as administrators of the estate. Moreover, under Oklahoma law, the guardian of Pope's minor son has priority over the plaintiffs with respect to the administration of Pope's estate. *See* Okla. St. Ann. tit. 58 §§ 122, 125; *Sparks v. Steele*, 501 P.2d 1106, 1110 (Okla.

1972). Plaintiffs do not assert that they are the guardian's of Pope's son. Under these circumstances, plaintiffs' claim that they have standing to bring a survivorship action because they are "first in order" to administer Pope's estate is unpersuasive.

Second, plaintiffs lack standing to bring a conditions of confinement claim for injunctive relief on behalf of Pope and the other inmates. Pope's claims for injunctive and declaratory relief were mooted by his death. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Plaintiffs thus lack standing to seek injunctive relief based on Pope's conditions of confinement. Moreover, plaintiffs have failed to persuade the court that they should be allowed to bring claims on behalf of other H-Unit inmates. It is a "well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

Finally, plaintiffs have failed to allege deprivations of their own constitutional rights. In *Trujillo v. Board of County Commissioners*, 768 F.2d 1186 (10th Cir. 1985), this court held that the mother and sister of a county jail inmate had standing to assert claims under § 1983 for deprivations of their own rights of familial association based on the alleged wrongful death of their son and brother while incarcerated. *Id.* at 1187. In that case, the plaintiffs "clearly

allege[d] an injury to their own personal constitutional rights. . . . Therefore they ha[d] standing to assert their own claim under section 1983." *Id.* In contrast, the plaintiffs in this case have failed to allege violations of their own rights, resting their claims instead upon the alleged deprivations of their son's rights. Consequently, plaintiffs lack standing to sue in their personal capacities.

For the foregoing reasons, the district court's grant of summary judgment is AFFIRMED.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge