A09A1166. DEVENTE et al. v. FLORA.
(684 SE2d 91)

DOYLE, Judge.

Rebecca Lynne deVente and Byron Keith Pyles, parents of minor Byron Trent Pyles (deceased), appeal from the grant of summary judgment to Hannelore H. Flora, in Flora's declaratory judgment action seeking adjudication of her right to pursue a wrongful death claim as guardian ad litem on behalf of the decedent's child, Allison Trent Flora, born March 19, 2008, and mothered by Flora's minor daughter. Discerning no error, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that Byron Trent Pyles ("Byron T.") conceived a child out of wedlock with Heidi Flora (Hannelore Flora's daughter), as confirmed by later DNA testing.[2] Before the child was born, Byron T. died intestate in October 2007 following an automobile crash with a municipal police officer.

In January 2008 (two months before the child's birth), Flora

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] The DNA testing was performed during the course of this litigation due to the dispute by appellants that Byron T. was the child's father.

filed an action against Byron T.'s parents, seeking declaratory judgment as to the then-unborn child's rights, alleging that the child was Byron T.'s sole heir and potential wrongful death claimant. Byron T.'s parents answered, and, following Flora's motion for summary judgment, Byron T.'s parents conceded Byron T.'s paternity and the child's status as his sole heir. Byron T.'s parents then filed a cross-motion for summary judgment challenging the child's exclusive right to pursue a wrongful death claim based on Byron T.'s death.

Following a hearing on October 2, 2008, the trial court granted Flora summary judgment as to Byron T.'s status as the father of the child, as to the child's status as his heir, and as to the child's right to bring a wrongful death claim based on Byron T.'s death. The court likewise denied Byron T.'s parents' cross-motion for summary judgment. They now appeal the ruling as to the child's exclusive right to bring the wrongful death claim.

Generally, a wrongful death claim is governed by OCGA § 51-4-2 (a), which provides that "[t]he surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence." Byron T.'s parents' right to recover for wrongful death of their child is governed by OCGA § 19-7-1 (c) (1) and (2):

> In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child, either as provided in this Code section or as provided in Chapter 4 of Title 51. *If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents. . . .*[3]

Therefore, the parents' right to recover for the death of their child is dependent on whether Byron T. left a spouse or child. Because it is undisputed that he did not leave a spouse, the question is whether Byron T.'s posthumously born child is a "child" for the purposes of the wrongful death statute.[4]

> There is no common law right to file a claim for wrongful death; the claim is entirely a statutory creation. In Georgia, wrongful death claims are only permitted under the auspices of the Wrongful Death Act, OCGA § 51-4-1 et

---

[3] (Emphasis supplied.)

[4] That the child was born out of wedlock is not a bar to recovery under the wrongful death statute. See OCGA § 51-4-2 (f).

seq. Being in derogation of common law, the scope of the Wrongful Death Act must be limited in strict accordance with the statutory language used therein, and such language can never be extended beyond its plain and ordinary meaning. The express language of the Act will be followed literally and no exceptions to the requirements of the Act will be read into the statute by the courts. In construing any statute, we must, of course, give meaning to and harmonize all parts of the statute to give them sensible and intelligent effect, while avoiding constructions that make any part of the statute mere surplusage.[5]

The statute does not define the term "child"; therefore, consistent with the principles above, we must determine the term's meaning in this context. The express language of the Act states that "a child or children, either minor or sui juris, may recover for the homicide of the . . . parent. . . ."[6] Here, a minor child of the decedent seeks to recover for the homicide of her parent. Therefore, applying the express language of the statute literally, we conclude that the trial court correctly ruled that the right to bring the wrongful death action was the child's to assert.

We are guided, as was the trial court, by this court's approach in *Stewart v. Bourn*,[7] which addressed a different undefined term ("next of kin") also in the wrongful death statute and looked to the laws of descent and distribution to determine its meaning.[8] Here, the trial court employed the same reasoning to look to the laws of descent and distribution to determine the meaning of the term "child." Under that statute, "[c]hildren of the decedent who are born after the decedent's death are considered children in being at the decedent's death, provided they were conceived prior to the decedent's death, were born within ten months of the decedent's death, and survived 120 hours or more after birth."[9] Under this definition, Byron T.'s posthumous child qualifies as his child for purposes of the action here.

The trial court's reliance on *Stewart* was appropriate. It gave the

---

[5] (Punctuation and footnotes omitted.) *Tolbert v. Maner*, 271 Ga. 207, 208 (1) (518 SE2d 423) (1999).

[6] OCGA § 51-4-2 (a).

[7] 250 Ga. App. 755 (552 SE2d 450) (2001).

[8] Id. at 759 (2).

[9] OCGA § 53-2-1 (b) (1). We note that under the laws of descent and distribution, a child born out of wedlock may inherit from the father if there is clear and convincing evidence of paternity. See OCGA § 53-2-3 (2) (A) (v). Further, there is a rebuttable presumption of paternity if, as here, DNA testing establishes at least a 97 percent probability of parentage. See OCGA § 53-2-3 (2) (B) (ii). Here, paternity is not contested.

word "child" a sensible and intelligent effect, and it did not render any part of the statute surplusage. To require Flora to demonstrate that the child was "quick" at the time of her father's death, as urged by Byron T.'s parents, would ignore the practical reality that there is today a classic wrongful death scenario — a living child seeking to recover for the death of her father. Thus, the requirement to demonstrate quickness is not consistent with the explicit statutory language that "a child . . . may recover for the homicide of the . . . parent. . . ."[10] Further, because the nature of a wrongful death action is derivative of the decedent's right of action,[11] to ignore the laws of descent and distribution would run counter to the essence of a wrongful death claim. Accordingly, we discern no error.

Byron T.'s parents also argue that the trial court erred in refusing to invoke its equitable powers to fashion a fair remedy despite any statutory constraints.[12] As support, they cite cases such as *Brown v. Liberty Oil & Refining Corp.*,[13] in which both children and a spouse survived the decedent. In *Brown*, because the spouse had abandoned the children and could not be found, the Supreme Court held that equity demanded that the children be allowed to prosecute the action, despite the statutory framework requiring otherwise.[14] Here, however, there is a child in existence fathered by the decedent. Therefore, simply because the parents wish to share in any wrongful death award does not render an inequitable result in light of the priority ordinarily given to children by the statute, which makes a wrongful death action exclusive to the party entitled to bring it.[15] Accordingly, this argument is without merit.

As a final matter, we deny Flora's motion to transfer the appeal to the Supreme Court, because the denial of equitable relief was ancillary to the resolution of the legal issues presented by this case.[16]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 2, 2009.

*Frederick D. Burkey*, for appellants.

---

[10] OCGA § 51-4-2 (a).

[11] *Smith v. Rowell*, 176 Ga. App. 100 (335 SE2d 461) (1985).

[12] The parents assert that they ultimately seek to share any wrongful death award with the child.

[13] 261 Ga. 214 (403 SE2d 806) (1991).

[14] Id. at 216 (2) (b).

[15] See OCGA § 19-7-1 (c) (2) ("*[i]f the deceased child does not leave a spouse or child*, the right of recovery shall be in the parent or parents") (emphasis supplied).

[16] See, e.g., *Lee v. Green Land Co.*, 272 Ga. 107 (527 SE2d 204) (2000).